**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3261
_____

KYRIL VASHCHENKA,
                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A216-101-653)
Immigration Judge: Jack H. Weil

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on June 7, 2022

Before: KRAUSE, BIBAS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 28, 2022)

_____

PER CURIAM

Pro se petitioner Kyril Vashchenka, a citizen of Belarus, has filed a petition for review challenging a final order of removal. For the reasons detailed below, we will deny the petition.

Vashchenka entered the United States in 2017 on a visitor's visa and overstayed. In 2019, he drove his car while intoxicated and caused an accident that killed the other driver. He was convicted of aggravated assault by vehicle while driving under the influence in violation of 75 Pa. Cons. Stat. § 3735.1(a) and was sentenced to 11½ to 23 months' imprisonment. He was then charged with being removable for being present in the United States in violation of law. See 8 U.S.C. § 1252(a)(1)(B). He applied for asylum, withholding of removal, and CAT relief.

An Immigration Judge (IJ) found Vashchenka removable as charged. Vashchenka testified in support of his applications. He claimed that he opposed the government of Belarus; that he was threatened and beaten up by police; and that he was jailed. However, on cross-examination, the Government showed that Vashchenka's passport revealed that he had been traveling internationally on business during the time he alleged to have been imprisoned. The IJ denied all relief, concluding that Vashchenka's conviction qualified as a

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

"particularly serious crime" that rendered him ineligible for asylum and withholding of removal, see 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii), and, alternatively, that Vashchenka was not entitled to relief because he had not testified credibly. The IJ likewise concluded that Vashchenka had not shown he was entitled to CAT relief.

Vashchenka appealed, and the Board of Immigration Appeals (BIA) affirmed. The BIA first agreed with the IJ's determination that Vashchenka's crime was particularly serious. The BIA then affirmed the IJ's alternative adverse-credibility decision, noting that Vashchenka had waived any challenge to this issue by failing to challenge it on appeal. The BIA also affirmed the IJ's rejection of the CAT claim. Finally, the BIA noted that Vashchenka had presented new evidence—a toxicology report and an investigation report related to his 2019 conviction—and it therefore understood him to seek remand to properly submit this evidence. However, it denied that implied request because the evidence was previously available and would not have made a difference. Vashchenka filed a petition for review.[1]

While Vashchenka argues at some length that his conviction does not qualify as a particularly serious crime that bars him from obtaining asylum or withholding of removal, we need not reach that issue. The IJ's adverse credibility determination is independently dispositive of Vashchenka's asylum and withholding claims. See Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). And, as the Government stresses in its brief, Vashchenka did not address this issue in his opening brief. Thus, Vashchenka has forfeited any challenge to the IJ's credibility analysis. See, e.g., B.C. v. Att'y Gen., 12 F.4th 306, 319 n.10.

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1).

(3d Cir. 2021).[2] Given that this forecloses asylum and withholding relief, we decline to address Vashchenka's argument that his conviction was not for a particularly serious crime. See generally INS v. Bagamasbad, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); Green v. Att'y Gen., 694 F.3d 503, 508 (3d Cir. 2012).[3]

The only other argument Vashchenka raises in his opening brief is that the IJ misstated the CAT standard by saying that he had to show a "clear probability" of torture rather than just that torture was "more likely than not" to occur. However, these standards are the same. See Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 349 (3d Cir. 2008) ("The 'more likely than not' standard is equivalent to the 'clear probability' standard used for withholding of removal, and both standards are equivalent to a 'preponderance of the evidence.'" (some internal quotation marks omitted)).

Accordingly, we will deny the petition for review.

---

[2] Vashchenka likewise did not challenge the credibility determination on appeal to the BIA. The BIA stated both that it would "affirm this finding for the reasons stated in [the IJ's] decision" and that because "respondent does not challenge the Immigration Judge's adverse credibility determination" it would "deem any related arguments waived." We are satisfied that the BIA's sua sponte discussion of the issue is sufficient to exhaust the issue. See Lin v. Att'y Gen., 543 F.3d 114, 126 (3d Cir. 2008).

[3] While Vashchenka forfeited any challenge to the credibility determination, we note that he was caught in a serious misrepresentation concerning a critical issue. On our independent review, and in light of our deferential standard of review, see 8 U.S.C. § 1252(b)(4)(B) (providing that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); Alimbaev v. Att'y Gen., 872 F.3d 188, 196 (3d Cir. 2017), we see nothing in the record that would cause us to upset the agency's assessment of Vashchenka's credibility.